FILED
OFFICE OF APPELLATE COURTS
Date: 2026.08.19 16:29:35 -05'00'

STATE OF MINNESOTA

IN SUPREME COURT

A24-1483

In re Petition for Disciplinary Action against
Christopher T. Kalla, a Minnesota Attorney,
Registration No. 0325818.

O R D E R

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Christopher T. Kalla committed professional misconduct warranting public discipline. We referred the matter to a referee, and after conducting an evidentiary hearing, the referee made findings of fact, conclusions, and recommendations for discipline. The referee found that respondent violated Minn. R. Prof. Conduct 4.4(a) and 8.4(b) by hitting an opposing party in the face and calling her a profane name during the representation of a client, for which respondent was convicted of fifth-degree assault. The referee also found respondent violated Minn. R. Prof. Conduct 4.4(a) by confronting opposing counsel in a courthouse hallway, standing over her, shaking his finger in her face, and shouting at her in the presence of other lawyers and clients. In addition, the referee found there were three aggravating factors and no mitigating factors. As one option for discipline, the referee recommended, in part, that respondent be suspended for 60 days.

Respondent and the Director have entered into a stipulation for discipline. In it, they stipulate that the referee's findings of fact and conclusions are conclusive and waive their rights to briefing and oral argument before us pursuant to Rule 14(g), Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a 60-day suspension, that respondent's reinstatement be conditioned on having sought and engaged in treatment/therapy for anger management, and that respondent be placed on probation for two years upon reinstatement.

The court has independently reviewed the file and agrees, in part, with the parties' recommended discipline. We agree that respondent should be suspended for 60 days and placed on probation for two years upon reinstatement. We also agree that respondent should be permitted to be reinstated by affidavit. But we conclude that respondent must not only engage in, but also *complete* treatment/therapy for anger management before he can be reinstated.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Christopher T. Kalla is suspended from the practice of law for a minimum of 60 days, effective 14 days from the date of this order.

2. Respondent must comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and must pay $900 in costs under Rule 24(a), RLPR.

3. Respondent will be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end

of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he: (a) is current in continuing legal education requirements, (b) has complied with Rules 24 and 26, RLPR, (c) has engaged in and successfully completed treatment/therapy for anger management as detailed in paragraph 4, below; and (d) has complied with any other conditions for reinstatement imposed by the court.

4. As a condition of reinstatement by affidavit, respondent must:

a. Engage in and successfully complete treatment/therapy for anger management;

b. Attest in the affidavit required by paragraph 3 that he has successfully engaged in and completed treatment/therapy for anger management, and provide supporting documentation; and

c. Explain in the affidavit required by paragraph 3 what respondent learned from the therapy/treatment and how he has internalized those lessons in a manner that will enable him, upon reinstatement, to comply with the Minnesota Rules of Professional Conduct.

5. Within one year of the date of this order, respondent must file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. *See* Rule 4.A.(5), Rules for Admission to the Bar (requiring evidence that an applicant has successfully completed the Multistate Professional Responsibility Examination). Failure to timely file the required documentation will result in automatic suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent will be placed on probation for a period of two years, subject to the following terms and conditions:

a. Respondent must abide by the Minnesota Rules of Professional Conduct.

b. Respondent must cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent must promptly respond to the Director's correspondence by its due date. Respondent must provide to the Director a current mailing address and must immediately notify the Director of any change of address. Respondent must cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent must provide authorization for release of information and documentation to verify compliance with the terms of this probation.

c. Respondent must continue any ongoing aftercare treatment and therapy for anger management recommended by the treating psychologist or other medical professional who provided the treatment/therapy required by paragraph 4(a).

d. Respondent must provide quarterly updates to the Director sufficient to establish good faith compliance with the condition of probation related to ongoing aftercare treatment and therapy for anger management.

Dated: August 19, 2026

BY THE COURT:

Gordon L. Moore, III
Associate Justice